IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN J. IZBINSKI,             )
       Petitioner,       )     Civil Action No. 18-95 Erie
                            )
       v.                   )
                            )     Judge Susan Paradise Baxter
ATTORNEY GENERAL OF THE STATE )
OF PENNSYLVANIA, et al.,     )
       Respondents.     )

**MEMORANDUM**[1]

      Pending before the Court is an amended petition for a writ of habeas corpus (ECF No. 6) filed by state prisoner John J. Izbinski ("Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Respondents have filed a motion to dismiss the petition. (ECF No. 9). For the reasons that follow, their motion is granted.

**I.**

**A.**     **Relevant Background**

      In this habeas action, Petitioner is challenging the judgment of sentence imposed upon him on September 15, 2017, by the Court of Common Pleas of Crawford County at criminal docket number CP-20-CR-75-2017. On that date, he entered a plea of no contest to Failure to Comply with Registration Requirements, 18 PA. CONS. STAT. § 4915.1(a.2)(1) (a misdemeanor of the first degree) and the court sentenced him to three to six months of incarceration, to be followed by four and a half years of probation. The Court shall take judicial notice of the docket sheet for Petitioner's state criminal case, which is available online at https://ujsportal.pacourts.us.

---

[1] On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 21, 2018.

Petitioner did not file a direct appeal. Accordingly, his judgment of sentence became final under both state and federal law on or around October 15, 2017, when the time for him to file a direct appeal to the Superior Court of Pennsylvania expired. 42 PA. CONS. STAT. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Gonzalez v. Thaler, 565 U.S. 134, 149-54 (2012) (under relevant federal law a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of direct review or the expiration of time for seeking such review).

In December 2017, Petitioner filed a motion with the Court of Common Pleas which that court construed as a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541 *et seq.* The state-court docket sheet establishes that a hearing is scheduled in Petitioner's PCRA case for January 28, 2019.

In the meantime, Petitioner filed with this Court a petition for a writ of habeas corpus (ECF No. 4). He later filed an amended petition. (ECF No. 6). The amended petition was served upon Respondents and they filed a motion (ECF No. 9) in which they assert, *inter alia*, that the Court should dismiss the amended petition because Petitioner is exhausting his state-court remedies. Petitioner did not file a reply. Local Rule 2254.E.2 ("Although not required, the Petitioner may file a Reply (also known as "a Traverse") within 30 days of the date the respondent files its Answer.")

**B.    Discussion**

Respondents are correct that the amended petition must be dismissed because Petitioner is currently exhausting his state-court remedies. A federal habeas petitioner must complete the exhaustion

of his available state-court remedies before a federal district court may determine the merits of his habeas claims. This exhaustion requirement is codified at 28 U.S.C. § 2254(b)(1)(A), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the remedies available in the courts of the State[.]

The requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

The general rule is that a district court must dismiss a federal habeas petition if the petitioner is exhausting his available state remedies. See, e.g., Rhines v. Weber, 544 U.S. 269, 273-79 (2005) (discussing the general rule as set forth in Rose v. Lundy, 455 U.S. 509 (1982) and the limited exception to it, which does not appear to apply here).[2] Because Petitioner is currently litigating challenges to his September 15, 2017, judgment of sentence in his PCRA proceeding, this Court must dismiss his amended petition. The dismissal is without prejudice to Petitioner commencing another federal habeas case if, after the completion of his state-court remedies, he does not receive the relief he seeks in state court.

---

[2] After Congress enacted AEDPA, federal habeas courts were faced with how to resolve the interaction between AEDPA's one-year statute of limitations (codified at 28 U.S.C. § 2244(d)) and the pre-AEDPA rule set forth in Lundy that required that federal courts dismiss without prejudice habeas petitions that contain unexhausted claims. Rhines, 544 U.S. at 275 ("As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.") In Rhines, the Supreme Court held that in order to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court and ask the district court to stay the federal habeas proceeding until state remedies are exhausted. As set forth above, Petitioner's judgment of sentence became final on or around October 15, 2017. AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, there is no need for Petitioner to file a "protective" habeas petition at this time.

**C.      Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). This Court need not make a certificate of appealability determination because "[a] district court's order dismissing, without prejudice, a petition for federal habeas relief for failure to exhaust state-court remedies is not a final appealable order, since it explicitly entitles the petitioner to renew habeas proceedings upon completion of review of his claims in the state court system." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 12:30, Westlaw (database updated June 2018) (citations omitted). See also Gacho v. Butler, 792 F.3d 732, 735-37 (7th Cir. 2015). To the extent a certificate of appealability determination is required, Petitioner is not entitled to one because jurists of reason would not find it debatable whether the amended petition should be dismissed. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**II.**

Based upon all of the foregoing, Respondents' motion to dismiss (ECF No. 9) is granted and the amended petition for a writ of habeas corpus is dismissed without prejudice.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER

4

Dated:  December 20, 2018                    United States District Judge